IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Damarques Debronte Enochs (390665), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23 C 6377 |
| | ) | |
| v. | ) | |
| | ) | Hon. Jeremy C. Daniel |
| Ron Hain, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendant Heinz's motion to dismiss [16] is denied. Plaintiff Miller's motion to dismiss for failure to state a claim [25], which was filed in response to Plaintiff's pending motion for order of protection [*see* 24], is denied. As explained in the Court's March 26, 2024, order [*see* 29], Plaintiff's motion for order of protection seeks injunctive relief against Defendant Miller. The Court understands Plaintiff's motion for order of protection [24] to be seeking relief under Fed. R. Civ. P. 65 ("Injunctions and Restraining Orders"). Defendant Miller shall respond to Plaintiff's request for injunctive relief on or before April 15, 2024 [*see* 29]. Status hearing set for April 24, 2024, at 9:30 a.m.

## STATEMENT

Plaintiff Damarques Debronte Enochs, a pretrial detainee at the Kane County Adult Justice Center, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that "[d]uring the last year or so [he] has been assaulted by guards, sexually harassed, and endured episodes of sexual misconduct" at the jail. (Dkt. 1 at pg. 9.) By order dated November 13, 2023, the Court found that Plaintiff's allegations were sufficient to state claims against Defendants Heinz and Miller. (*See* Dkt. 5 at pgs. 3-4.)

On February 7, 2024, Defendant Heinz filed a motion seeking dismissal of the complaint for failure to exhaust administrative remedies and qualified immunity. (Dk. 16.) Defendant's motion is supported, in part, by the grievance documentation attached to Plaintiff's complaint. (*Id.* at pgs. 1-3, 5.)

In response, Plaintiff submitted a sixteen page document, which addresses Defendant's arguments concerning exhaustion and qualified immunity. (Dkt. 23.) Plaintiff attaches certain grievance documentation -- sections of which have been bracketed/highlighted -- to his response. (*Id.* at pgs. 13-14.) It is clear from Plaintiff's response that he opposes dismissal at this stage of the proceedings for failure to exhaust his administrative remedies and/or qualified immunity.

Defendant has replied to Plaintiff's response, arguing that Plaintiff's claim for failure to intervene (against Sgt. Heinz) must be dismissed for failure to exhaust and qualified immunity. (Dkt. 28.) More specifically, Defendant argues that: (1) Plaintiff attempts to cure defaults in his complaint through new allegations in his response (concerning his attempts at exhaustion); (2) Sgt. Heinz is entitled to qualified immunity and should be dismissed from this action; and, (3) issues remain regarding Plaintiff's failure to exhaust. (*Id.* at pgs. 1-4.)

Given the nature of Plaintiff's response and Defendant Heinz's specific representation that *issues remain regarding Plaintiff's failure to exhaust*, the Court finds that dismissal on exhaustion grounds is not warranted at this early stage of the proceedings. Likewise, the Court finds that dismissal based on qualified immunity is not warranted at this stage. *See Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) ("[A]n immunity defense usually depends on the facts of the case[.]"); *see also Jacobs v. City of Chicago*, 215 F.3d 758, 775 (7th Cir. 2000) (Easterbrook, J., concurring) ("Rule 12(b)(6) is a mismatch for immunity and almost always a bad ground of dismissal" because when defendants assert immunity "it is essential to consider facts other than those alleged in the complaint.").

The arguments that Defendant Heinz presents in the current motion to dismiss concerning exhaustion and qualified immunity are more appropriate for a summary judgment motion (after further development of the record). The Court finds no reason to excuse Defendant Heinz from complying with Local Rules 56.1 and 56.2, which govern the format of motions for summary judgment and the notice that *pro se* litigants must receive when an opposing party moves for summary judgment. An orderly presentation of the evidence in this case will ensure that the parties have an appropriate opportunity to respond to evidence submitted by the opposing party.

Accordingly, Defendant Heinz's motion to dismiss (Dkt. 16) is denied.

Date: 4/11/2024

JEREMY C. DANIEL
United States District Judge